IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00571-LTB-CBS

PHILIP HILL,
        Plaintiff,
v.

JOE ORTIZ,
CORRECTIONS CORPORATION OF AMERICA,
EXECUTIVE DIRECTOR OF CORRECTIONS CORPORATION OF AMERICA,
CHRISTINE MILLER,
JOHN AND JANE DOE OF CCCF, PCH, AND CTCF, and
STEPHEN SCHOENMAKERS,
        Defendants.
_____

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

Magistrate Judge Craig B. Shaffer

        This civil action comes before the court on Defendant Ortiz' Motion to Dismiss (filed

October 17, 2007) (doc. # 37).  Pursuant to the Order of Reference dated June 20, 2007

(doc. # 18) and the memorandum dated October 18, 2007 (doc. # 39), this matter was

referred to the Magistrate Judge.  The court has reviewed the Motion, the pleadings, the

entire case file and the applicable law and is sufficiently advised in the premises.[1]


I.      Statement of the Case

        Mr. Hill is currently incarcerated at the Crowley County Correctional Facility

("CCCF"), a privately run prison in Olney Springs, Colorado which operates under a

contract with the Colorado Department of Corrections ("CDOC").  (*See* Second Amended

Prisoner Complaint ("SAC") (doc. # 13) at p. 2 of 16).  Mr. Hill alleges that he was denied

adequate medical treatment for cysts from approximately March 2005 to August 2007 while

he was incarcerated at CCCF.  (*See* Amended Prisoner Complaint ("AC") (doc. # 6) at pp.

_____

        [1]   On October 22, 2007, the court directed Mr. Hill to file any response on or before
November 13, 2007.  Mr. Hill has not filed any response to Defendant Ortiz' Motion and
has never requested an extension of time to file a response.

5-17 of 20 and SAC (doc. # 13) at pp. 5-13 of 16).[2] Mr. Hill alleges three claims pursuant to 42 U.S.C. § 1983 that Defendants violated his constitutional rights under the Eighth Amendment and the Fourteenth Amendment and three claims pursuant to state law for negligence and intentional infliction of emotional distress. (*See id.*). Mr. Hill seeks declaratory relief, compensatory damages, and punitive damages. (*See id.* at pp. 19-20 of 20; pp. 15-16 of 16). Defendant Ortiz has moved to dismiss Mr. Hill's claims against him on several grounds.

II.     Defendant Ortiz' Motion to Dismiss

A.     Standard of Review

Defendant Ortiz moves to dismiss without citation to any specific Federal Rule of Civil Procedure. Defendant Ortiz argues that Mr. Hill has failed to state a claim upon which relief can be granted against him.

Rule 12(b)(6) states that a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." To withstand a motion to dismiss, a complaint must contain enough allegations of fact "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007). The Tenth Circuit Court of Appeals has explained that under this revised standard,

> the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims.

*Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis

---

2     Mr. Hill's SAC (doc. # 13) alleges Claim One at p. 13 of 16 and lists three federal claims and three state law claims at pp. 15-16 of 16. Mr. Hill's AC (doc. # 13) alleges Claims One through Six at pp. 13-17 of 20 and lists the same three federal claims and three state law claims at pp. 19-20 of 20. Mr. Hill has not provided any clarification of his claims since the court's inquiry at the motions hearing held on March 18, 2008. In an abundance of caution, the court will consider all the claims presented in both Mr. Hill's AC and SAC.

in original).  The burden is on the plaintiff to frame "a complaint with enough factual matter (taken as true) to suggest" that he or she is entitled to relief.  *Twombly*, 127 S.Ct. at 1965.  "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.*

Because Mr. Hill appears *pro se*, the court "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States Govt*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted). *See also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (holding allegations of a pro se complaint "to less stringent standards than formal pleadings drafted by lawyers"). However, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991).  A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged.  *Associated General Contractors of California, Inc. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983).  *See also Whitney v. State of New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (court may not "supply additional factual allegations to round out a plaintiff's complaint");  *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues").

"[A] district court may not grant a motion to dismiss for failure to state a claim 'merely because [a party] failed to file a response.' " *Issa v. Comp USA*, 354 F.3d 1174, 1177 (10th Cir. 2003) (quoting *Reed v. Bennett*, 312 F.3d 1190, 1194 (10th Cir. 2002)). "This is consistent with the purpose of Rule 12(b)(6) motions as the purpose of such motions is to test the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true."  *Issa*, 354 F.3d at 1177-78 (internal quotation marks and citations omitted).  "[E]ven if a plaintiff does not file a response to a motion to dismiss

for failure to state a claim, the district court must still examine the allegations in the plaintiff's complaint and determine whether the plaintiff has stated a claim upon which relief can be granted." *Issa*, 354 F.3d at 1177-78 (internal quotation marks and citations omitted).

B.      Analysis

      1.      Liability of Defendant Ortiz under Section 1983

Mr. Hill indicates that he is suing Defendant Ortiz in his individual capacity. (*See* AC (doc. # 6) at p. 2 of 20; SAC (doc. # 13) at p. 2 of 16). Personal capacity suits pursuant to § 1983 seek to impose personal liability upon a government official for actions he or she takes under color of state law. *Kentucky v. Graham*, 473 U.S. 159, 165-67 (1985). Individual liability under § 1983, regardless of the particular constitutional theory, must be based upon personal responsibility. *See Foote v. Spiegel*, 118 F.3d 1416, 1423-24 (10th Cir. 1997) (individual liability under § 1983 must be based on personal involvement in the alleged constitutional violation) (citation omitted); *Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996) (personal participation is an essential allegation in a civil rights action) (citation omitted); *Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) ("Personal participation is an essential allegation in a § 1983 claim.").

A defendant may not be held liable merely because of his or her supervisory position. *Grimsley v. MacKay*, 93 F.3d 676, 679 (10th Cir. 1996). There must be an affirmative link between the alleged constitutional violation and the defendant's own participation or failure to supervise. *Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). *See also Stidham v. Peace Officer Standards and Training*, 265 F.3d 1144, 1157 (10th Cir. 2001) (for § 1983 claim, affirmative link between the defendant's conduct and any constitutional violation "must be alleged in the complaint as well as proven at trial").

Defendant Ortiz argues that Mr. Hill has failed to plead sufficient facts to demonstrate that he had any personal participation in or any supervisory liability for the alleged violations of Mr. Hill's constitutional rights. The court agrees.

Mr. Hill alleges that

> Defendant Colorado Department of Corrections ("CDOC") and Joe Ortiz the Executive Director of CDOC are named because they failed to put the plaintiff in an adequate medically equipped facility, they were made aware of the continuing violations both state and constitutional that have been going on at the CCCF facility in the medical department and yet still allowed the placement of the plaintiff, they have failed to provide adequate and qualified medical and prison staff for this facility, they have failed to adequately train, supervise, and direct their medical and prison staff at this facility, they have failed to remedy unlawful medical conditions and practices that they were well informed about, they have failed to adequately establish proper policy and procedure i[n] the medical department and in the facility that would enable the proper medical treatment for all CDOC inmates including the plaintiff.

(*See* AC (doc. # 6) at p. 11 of 20 ¶ 63; SAC (doc. # 13) at p. 11 of 16 ¶ 63 (same)). However, Mr. Hill does not identify any specific action Defendant Ortiz took that gave rise to a constitutional violation. *See McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983) (an individual cannot be held liable in a section 1983 action unless he "participated or acquiesced" in an alleged constitutional violation). Despite his conclusory allegation that Defendant Ortiz was "made aware" of continuing violations of an unspecified nature at CCCF, Mr. Hill has not adequately alleged "an affirmative link between the supervisor and the violation, namely the active participation or acquiescence of the supervisor in the constitutional violation by the subordinates." *Serna v. Colorado Department of Corrections*, 455 F.3d 1146, 1151 (10th Cir. 2006) (internal quotation marks and citations omitted). Mr. Hill's allegations do not indicate what violations he allegedly informed Defendant Ortiz about, when he did so, or any other detail. He has not alleged what policies or procedures Defendant Ortiz promulgated. "Past input into the formulation of prison regulations . . . is a connection far too attenuated to support liability under § 1983." *Grimsley v. MacKay*, 93 F.3d 676, 680 (10th Cir.1996). Mr. Hill's allegation that Defendant

Ortiz "failed to adequately establish proper policy and procedure" is conclusory and insufficient.  Mr. Hill does not allege what "unlawful medical conditions" existed.  Mr. Hill's claims against Defendant Ortiz are in essence *respondeat superior* claims that are insufficient to state a claim upon which relief can be granted.  Defendant Ortiz is properly dismissed as to the federal law claims in this civil action.

### 2.    Failure to State an Equal Protection Claim

Mr. Hill generally alleges that "defendants violated plaintiff's Fourteenth Amendment rights by violation his equal protection of the laws [sic]."  (*See* SAC (doc. # 13) at p. 15 of 16; AC (doc. # 6) at pp. 14, 19 of 20).  Mr. Hill's Fourteenth Amendment claim alleges Defendants failed to treat his medical needs, causing him to suffer medical injuries.  (*See id.*).

"The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985) (quoting *Plyler v. Doe*, 457 U.S. 202, 216 (1982)).  The challenged disparate treatment must be the result of purposeful discrimination.  *Harris v. McRae*, 448 U.S. 297, 323, 100 S.Ct. 2671 n. 26 (1980).  To properly allege an equal protection claim, a plaintiff must plead sufficient facts to "demonstrate that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination." *Veney v. Wyche*, 293 F.3d 726, 730 (4th Cir. 2002).  Treatment of dissimilarly situated persons in a dissimilar manner by the government does not violate the Equal Protection Clause.

Mr. Hill has not alleged that he was treated differently than any similarly situated person.  Nor has Mr. Hill alleged that Defendants acted based upon a discriminatory intent

or motive. *See Watson v. City of Kansas City, Kansas*, 857 F.2d 690, 694 (10th Cir. 1996) ("A plaintiff in an equal protection action has the burden of demonstrating discriminatory intent") (citations omitted); *Villanueva v. Carere*, 85 F.3d, 481, 485 (10th Cir. 1996) (Although "[t]he discriminatory purpose need not be the only purpose, . . . it must be a motivating factor in the decision"). Mr. Hill fails to state a claim for equal protection.


       3.     State Law Claims Against Defendant Ortiz

Citing the Colorado Governmental Immunity Act ("CGIA"), Colo. Rev. Stat. § 24-10-101 *et seq.*, Defendant Ortiz argues that Mr. Hill's state law claims fail to state a claim upon which relief can be granted against him.

The CGIA provides:

> A public employee shall be immune from liability in any claim of injury, . . . which lies in tort or could lie in tort regardless of whether that may be the type of action or the form of relief chosen by a claimant and which arises out of an act or omission of such employee occurring during the performance of his duties and within the scope of his employment unless the act or omission causing such injury was willful and wanton.

Colo. Rev. Stat. § 24-10-118(2)(a) (2007). *See also Carothers v. Archuleta County Sheriff*, 159 P.3d 647, 652 (Colo. App. 2006) (With regard to claims against a public employee, if there is no waiver of immunity, then a plaintiff must allege willful and wanton conduct to proceed on his claims. . . because an employee who is sued for willful and wanton conduct does not enjoy immunity under the CGIA.") (citation omitted), *cert. denied*, 2007 WL 1535734 (Colo. May 29, 2007); *Moody v. Ungerer*, 885 P.2d 200, 205 (Colo. 1994) ("A public employee is immune from all claims that lie or could lie in tort, unless the claim falls within one of the six limited areas for which immunity has been waived or unless the act or omission causing the injury was willful and wanton.") (citing Colo. Rev. Stat. § 24-10-118(2)).

"Failure to plead the factual basis of an allegation that an act or omission of a public employee was willful and wanton shall result in dismissal of the claim for failure to state

a claim upon which relief can be granted." Colo. Rev. Stat. §§ 24-10-110(5)(b) (2007).

*See also Peterson v. Arapahoe County Sheriff*, 72 P.3d 440, 444 (Colo. App. 2003) ("In any action alleging willful and wanton conduct of a public employee, the specific factual basis of such allegations shall be stated in the complaint. The failure to plead the factual basis shall result in dismissal of the claim for failure to state a claim upon which relief can be granted.") (citations omitted). "Whether a plaintiff has pleaded sufficient facts to state a claim based upon willful and wanton conduct is to be determined by the court." *Barham v. Scalia*, 928 P.2d 1381, 1385 (Colo. App. 1996). The court construes the CGIA narrowly and affords all reasonable inferences to Mr. Hill. *Tidwell ex rel. Tidwell v. City and County of Denver*, 83 P.3d 75, 85 (Colo. 2003).

The CGIA does not define "willful and wanton." The Colorado Supreme Court, however, has interpreted the term:

> As used in this section, "willful and wanton conduct" means conduct purposefully committed which the actor must have realized as dangerous, done heedlessly and recklessly, without regard to the safety of others, particularly the plaintiff.

*Moody*, 885 P.2d at 205 (Colo. 1994) (interpreting Colo. Rev. Stat. § 13-21-102(1) regarding exemplary damages). The Colorado Supreme Court has also considered the meaning of "willful and wanton" in *Pettingell v. Moede*:

> Willful action means voluntary; by choice; intentional; purposeful. Wantoness signifies an even higher degree of culpability in that it is wholly disregardful of the rights, feelings and safety of others. It may, at times, even imply an element of evil. One may be said to be guilty of "wanton and willful disregard" when he is conscious of his misconduct, and although having no intent to injure any one, from his knowledge of surrounding circumstances and existing conditions is aware that his conduct in the natural sequence of events will probably result in injury to his guest, and is unconcerned over the possibility of such result.

271 P.2d 1038, 1042 (Colo. 1954) (interpreting Colorado's automobile guest statute). *See also Schnurr v. Board of County Commissioners of Jefferson County*, 189 F. Supp. 2d 1105 (D. Colo. 2001) ("[F]or a defendant's conduct to be 'willful and wanton' under the CGIA that defendant must be adequately alleged to have purposefully pursued a course

of action or inaction that he or she considered would probably result in the harm to Plaintiff[].") (citation omitted); *Jarvis v. Deyoe*, 892 P.2d 398 (Colo. App. 1994) (noting that "willful and wanton conduct" involved an element of conscious disregard for the safety of others); *Holland v. Board of County Commissioners*, 883 P.2d 500 (Colo. App. 1994) (allegation that defendant intentionally and maliciously interfered with plaintiff's appointment as county attorney by providing false and defamatory information sufficiently stated facts that, accepted as true, adequately asserted willful and wanton conduct).

The court concludes that Mr. Hill has not pled sufficient facts for a state law tort claim against Defendant Ortiz. Mr. Hill's state law claims against Defendant Ortiz are deficient in that they do not allege sufficient facts to demonstrate either a statutory or express waiver of immunity, or willful and wanton conduct. (*See, e.g.,* SAC (doc. # 13) at pp. 11, 16 of 16; AC (doc. # 6) at pp. 11, 15-17 of 20). Mr. Hill has not responded to Defendant Ortiz' motion to dismiss. Mr. Hill's state law claims for negligence, medical negligence and malpractice, and intentional infliction of emotional distress against Defendant Ortiz are properly dismissed under the CGIA for failure to state a claim.

III.    Defendants Miller and Schoenmakers

As Mr. Hill is proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915, the court ordered service of the SAC on Defendants by the United States Marshal. (*See* doc. # 24). Pursuant to the court's August 23, 2007 "Order Granting Service," the Clerk of the Court sought a waiver of service from Defendants Miller and Schoenmakers. On August 27, 2007, the court was notified that Defendant Miller was no longer employed at the Colorado Department of Corrections and provided a Post Office Box as her forwarding address. (*See* doc. # 25). Nor can personal service be accomplished at a Post Office Box address. On September 26, 2007, the court was notified that Defendant Schoenmakers was no longer employed at the Colorado Health and provided no forwarding address. (*See* doc.

# 34).  Based on the information before the court, Defendants Miller and Schoenmakers cannot be served at the addresses provided by Mr. Hill.

While an incarcerated *pro se* plaintiff proceeding *in forma pauperis* is entitled to rely on the Clerk of the Court and/or U.S. Marshal for service of the summons and complaint, there is no indication in this case that the U.S. Marshal or the Clerk of the Court have failed to perform their duties to serve Defendants Miller and Schoenmakers.  Service was attempted at the addresses provided by Mr. Hill.  Personal service cannot be accomplished at a Post Office Box.  The court need not require the U.S. Marshal or the Clerk of the Court to search for Defendants Miller and Schoenmakers.

Fed. R. Civ. P. 4(m) provides that the court shall dismiss an action without prejudice as to any defendant who has not been served within 120 days of the filing of the action:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Approximately thirteen months have passed since the filing of this civil action and the record before the court indicates that Defendants Miller and Schoenmakers have not been served with a summons and complaint in this action.  To date, neither Defendant Miller nor Defendant Schoenmakers has filed with the Clerk of the Court a signed waiver of service or otherwise appeared in this civil action.  Based upon Mr. Hill's failure to provide proof of service of the summons and complaint on Defendants Miller and Schoenmakers within 120 days after the filing of the complaint, the court recommends that Defendants Miller and Schoenmakers be dismissed from this civil action pursuant to Rule 4(m) for failure to effect service and pursuant to D.C. COLO. LR 41.1 for failure to prosecute.

IV.     Doe Defendants

Mr. Hill names as Defendants "John and Jane Doe of CCCF, PCH, and CTCF."
9*See* SAC (doc. # 13) at p. 1 of 16; AC at p. 1 of 20).  There is no provision in the Federal
Rules of Civil Procedure for the naming of fictitious or anonymous parties in a lawsuit.
*Watson v. Unipress, Inc.*, 733 F.2d 1386, 1388 (10th Cir. 1984) ("no federal statute or rule
specifically countenances the naming of fictitious parties in a lawsuit");  *Coe v. U.S. Dist.
Court for Dist. of Colorado*, 676 F.2d 411, 415 (10th Cir. 1982) ("There is no provision in
the Federal Rules of Civil Procedure for suit against persons under fictitious names, and
there are likewise no provisions for anonymous plaintiffs.") (citation omitted).  To the
contrary, the Federal Rules provide:

> "[e]very pleading shall contain a caption setting forth the name of the court,
> the title of the action, the file number, and a designation as in Rule 7(a).  In
> the complaint, the title of the action shall include the names of all the parties
> . . . ."

Fed. R. Civ. P. 10(a).  Because anonymous parties are not permitted by the Federal Rules
and Mr. Hill has not identified the anonymous Defendants, the court recommends that
Defendants John and Jane Doe be dismissed from this civil action.


Accordingly,  IT IS RECOMMENDED that:

1.     Defendant Ortiz' Motion to Dismiss (filed October 17, 2007) (doc. # 37) be
GRANTED.

2.     Defendant Ortiz be dismissed from this civil action.

3.     Claim Two for violation of the Fourteenth Amendment be dismissed for failure
to state a claim upon which relief can be granted.

4.     Defendants Miller and Schoenmakers be dismissed from this civil action
pursuant to Rule 4(m) for failure to effect service and pursuant to D.C. COLO. LR 41.1 for
failure to prosecute.

5.     Defendants John and Jane Doe be dismissed from this civil action.

**Advisement to the Parties**

Within ten days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Property*, 73 F.3d at 1059-60 (a party's objections to the Magistrate Judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

DATED at Denver, Colorado, this 16th day of April, 2008.

BY THE COURT:


   s/Craig B. Shaffer
United States Magistrate Judge