IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00571-LTB-CBS

PHILIP HILL,
    Plaintiff,
v.

CORRECTIONAL CORPORATION OF AMERICA, and
EXECUTIVE DIRECTOR OF CCA,
    Defendants.

---

ORDER

---

Magistrate Judge Craig B. Shaffer

This civil action comes before the court on Mr. Hill's proposed "Order" (filed November 4, 2008) (doc. # 102) (docketed by the Clerk of the Court as "Motion to Order Grant Appointment of Expert Witnesses . . . [sic]"). Pursuant to the Order of Reference dated June 20, 2007 (doc. # 18) and the memorandum dated November 5, 2008 (doc. # 103), this matter was referred to the Magistrate Judge. The court has reviewed the Motion, the entire case file, and the applicable law and is sufficiently advised in the premises.

The court finds no authority to appoint and pay an expert to assist an indigent litigant in the preparation of a civil suit for damages. Section 1915(c) provides in part that "[w]itnesses shall attend as in other cases." It does not authorize the government to pay or advance the fees and expenses for witnesses. The right of access to the courts does not extend to provide witness fees for a witness an *in forma pauperis* prisoner claims to be essential to his case. *Johnson v. Hubbard*, 698 F.2d 286, 288-90 (6th Cir. 1983). The court has no more authority to appoint an expert witness at government expense for Mr. Hill than it has to require counsel to represent him. As the court stated in *Boring v. Kozakiewicz*, in affirming the district court's refusal to appoint an expert at government expense in a similar case:

[t]he plaintiffs' [former pretrial detainees] dilemma in being unable to proceed

1

> in this damage suit because of the inability to pay for expert witnesses does not differ from that of nonprisoner claimants who face similar problems. . . By seeking government funding in this case, plaintiffs are in effect asking for better treatment than their fellow-citizens who have not been incarcerated but who have at least equal claims for damages.

833 F.2d 468, 474 (3d Cir.1987). *See also Tabron v. Grace*, 6 F.3d 147, 159 (3d Cir. 1993) (concluding "that there is no statutory authority for a court to commit federal funds to pay for deposition transcripts"). Mr. Hill's request for appointment of expert witnesses is properly denied. Accordingly,

IT IS ORDERED that Mr. Hill's proposed "Order" (filed November 4, 2008) (doc. # 102) (docketed by the Clerk of the Court as "Motion to Order Grant Appointment of Expert Witnesses . . .[sic]") is DENIED.

DATED at Denver, Colorado, this 6th day of November, 2008.

BY THE COURT:

s/Craig B. Shaffer
United States Magistrate Judge